RALPH MAY *v.* ALTA INEZ MAY

5-5495                                          464 S. W. 2d 598

Opinion delivered March 15, 1971

*Lester E. Dole* and *Charles L. "Chuck" Honey,* for
appellant.

No brief filed for appellee.

CONLEY BYRD, Justice. The trial court held void child
custody provisions in a divorce decree obtained on March
14, 1967, by appellant Ralph May and awarded the cus-
tody of their three minor children to appellee Alta Inez
May. For reversal appellant contends:

"1. That the divorce decree was a final adjudica-
tion and that the trial court erred in not re-
quiring a showing of a change of circumstances
and in not requiring appellee to go forward
with the burden of proof.

2. That the court failed to take into consideration the best welfare of the children."

The record shows that on or about September 10, 1966, appellee Alta Inez May left her then husband, appellant Ralph May. Accompanying her were the children, her mother Bessie Colvert and her husband's cousin, John May, an ex-convict and parole violator, now her husband. Appellee moved to North Little Rock where she remained until February 25, 1967.

On September 14, 1966, appellant filed suit for divorce and caused a warning order to be issued upon his affidavit that he did not know the whereabouts of his wife. On November 18, 1966, he married his present wife, Nancy. On March 14, 1967, an uncontested divorce decree was entered. That decree, in awarding custody to appellant, recited a finding that the children were in his custody at that time.

At the hearing on October 21, 1969, appellant testified that when he filed the divorce suit on September 14, 1966, he knew his wife and children were in North Little Rock with Johnny May and that he had a copy of the divorce decree with him when he took the children from his wife in St. Joe, Louisiana, about March 10, 1967. At the hearing held on October 27, 1969, appellant testified that he got the children before he got the decree because he had enrolled his oldest child in school on March 6, 1967. At this time he also said it was about three weeks or a month before he picked up the children that he found out that his wife was in Little Rock.

We find no merit in appellant's contention that the Chancellor erred in failing to require appellee to show a change of circumstances. Appellant first testified that he knew his wife's whereabouts when he filed his divorce action, then later changed his story. The same is true with respect to custody of the children at the time the decree was rendered. Under these circumstances, the Chancellor could properly treat the decree as void in so far as it affected custody. See *Bauer* v. *Brown,* 129 Ark. 125, 194 S. W. 1025 (1917).

The testimony about the welfare of the children is conflicting. There is testimony that appellee engaged in a number of extra marital affairs, that she did not keep the children clean, and that she selfishly spent the family earnings on herself instead of food for the family. On the other hand the extra marital affairs were denied and proof was offered that appellee maintained a clean and comfortable home where the children would be kept. There was also testimony that appellant did not provide for his family while appellee was living with him.

Appellant's present wife has three minor children who live in their home and she was pregnant at the time of the hearing. There is also some testimony indicating that appellant is a cattle thief. While he denied the charge, he admitted that he was arrested and that after he agreed to return some cattle in his brother's pasture, the charges were dropped.

The chancellor saw the parties and their demeanor during the trial and upon the record before us, we are unwilling to hold that his findings are contrary to the weight of the evidence.

Affirmed.